UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARK HAGELIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 05-99-B-W |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**PROCEDURAL ORDER**

Mark Hagelin has filed an unsigned document entitled "Petition for a Writ of Mandamus" which is unaccompanied by any filing fee or motion for leave to initiate a new court case in forma pauperis. I therefore conclude that he intended the pleading to be a request for injunctive relief in the civil rights action brought by him and already pending in this court against the State of Maine and other defendants.[1] The clerk has been instructed to docket it as such. (See Docket No. 5) This new pleading is not signed

---

[1] At this time I offer no opinion about the procedural or substantive adequacy of this motion for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure because the pleading is unsigned. However, I am satisfied that if Hagelin does intend by this pleading to initiate a new civil lawsuit against Maine District Court Judge Kevin Stitham by way of a Writ of Mandamus, this court lacks jurisdiction to entertain such a case. The writ of mandamus was abolished by Fed.R.Civ.P. 81(b). Nevertheless federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651, so in appropriate cases a federal court may issue a Writ of Mandamus. However, a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 - 1276, (5th cir. 1973); see also Lewis v. Texas, 273 F.3d 1100 (5th Cir. 2001) (pro se complaint construed as a petition for a writ of mandamus to direct county district attorney or custodian of records to produce DNA test results and citing Moye for the proposition that federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties ).

It is settled law that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. Hertz v. Record Publishing Co., 219 F.2d 397 (3rd Cir. 1955), cert. denied, 349 U.S. 912, (1955). If Hagelin is attempting to bring a new lawsuit against Judge Stitham seeking a writ of mandamus, this court is without jurisdiction.

and does not comply with Rules 7 and 11 of the Federal Rules of Civil Procedure.  This is the second time this month Hagelin has filed an unsigned pleading.  His disregard of Rule 11 after he was previously informally warned by the clerk of his obligation to sign pleadings is troublesome.  It is an unnecessary burden upon the clerk's office to track down Hagelin to obtain his signature on pleadings and then adjust electronic docket entries for his case accordingly.

I will grant Hagelin leave to submit a signed copy of this pleading by August 1, 2005, if he wants the court to rule on his request for injunctive relief.  If he fails to submit a signed copy of the document, it will be stricken from the record pursuant to Rule 11 (a). Hagelin is hereby placed on notice that any further unsigned pleadings either mailed or hand delivered to the clerk's office will be promptly returned to him either in hand or mailed to his last known address.  The clerk is directed, notwithstanding the provisions of Rule 5(e), Federal Rules of Civil Procedure, in this case from this date forward any paper submitted by Hagelin that is unsigned is to be returned to him with a copy of this order and not to be entered on the docket until such time as the court receives a signed copy of the paper.

*So Ordered.*

Dated July 22, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge