UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARK HAGELIN, | ) |
| Plaintiff | ) ) ) |
| v. | )   Civil No. 05-99-B-W |
| STATE OF MAINE, et al., | ) ) ) |
| Defendants | ) |

### ORDER IMPOSING SANCTIONS AND REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED IN ITS ENTIRETY

Mark Hagelin filed this lawsuit against the State of Maine and individual state employees on July 8, 2005. In due course a scheduling order issued setting a discovery deadline of February 10, 2006. On December 20, 2005, the defendants alerted the court to the fact that Hagelin's responses to their discovery requests were overdue. On December 20, 2005, I entered an order compelling Hagelin to provide his answers by January 9, 2006, and giving the defendants leave to file a motion for sanctions if Hagelin did not provide his responses in a timely fashion. On January 10, 2006, the defendants filed a motion for sanctions (Docket No. 13) asking, as a Federal Rule of Civil Procedure 37 sanction, that the court dismiss this action in its entirety. Hagelin did not respond to the motion.

According to the defendants' motion they have had telephonic communication with Hagelin and he has complained about lost mail and other obstacles he has encountered in the prosecution of this lawsuit. Hagelin has never communicated with the court regarding his difficulties nor has he sought any extensions regarding his discovery obligations. His failure to

obey the discovery order, in my view requires the imposition of sanctions. However, dismissal of the action is an extreme sanction that should not be imposed without giving a litigant fair warning that such a drastic sanction is likely to be imposed. HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988)("[T]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal."); accord Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002).

Based upon the record now before me, the following sanctions are imposed upon the plaintiff: (1) in accordance with the provisions of the scheduling order entered on September 9, 2005, Hagelin is now barred from initiating any discovery upon the defendants because there are fewer than thirty days remaining before the discovery deadline; (2) because Hagelin has failed to make timely responses to interrogatories and requests for production of documents he is barred from calling any witness other than himself or introducing any documents in support of his damages claim in this case; and (3) Hagelin is further placed on notice that the drastic sanction of dismissal of this action will be recommended to the United States District Court Judge if Hagelin fails to show good cause why this case should not be dismissed by February 17, 2006. In order to conserve the resources of the parties and the court, the dispositive motion deadline is extended to March 1, 2006, or ten days following the court's final ruling on any subsequent decision recommending dismissal of this action for want of prosecution by the plaintiff, whichever date is later.

## CERTIFICATE

The order shall be filed forthwith. Any objections shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated February 1, 2006

                                        /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge